MITTELDEUTSCHE PRIVATBANK v. BOSSELMAN et al.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

PLEADING (§ 362*)—DEFENSES—DENIALS.

Plaintiff's complaint alleged that L. "duly" assigned to plaintiff a claim against defendant A. B., and the judgment obtained thereon, which was the basis of the action. Defendants' second defense was an attack on the assignments, alleging that they were fraudulent and inoperative, and among other denials stricken from such defense was one that L. "duly" assigned the claim and judgment. *Held*, that the effect of such order was to leave defendants as admitting that the assignments were "duly" made, and was therefore erroneous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

Appeal from Special Term, New York County.

Action by Mitteldeutsche Privatbank against Mathilde Bosselman and others. From an order denying a motion to strike out reiterated denials in separate affirmative defenses, defendant A. C. Bosselman & Company appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

John W. Brainsby, for appellant.
Benjamin N. Cardozo, of New York City, for respondent.

PER CURIAM. The complaint alleges in the fourteenth paragraph, that Otto R. H. Ludwig "duly" assigned to plaintiff a certain claim against the defendant Andreas C. Bosselman and the judgment obtained thereon and which lies at the foundation of this action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The second separate defense consists of an attack upon these assignments as fraudulent and inoperative. Among other denials stricken out of this defense is the denial that Ludwig "duly" assigned the claim and judgment. The effect is to leave the defendants as admitting that the assignments were "duly" made. Whether the effect of this admission would be to nullify the second separate defense we need not now decide, but it is clear that defendant ought not to be forced into the position of relying upon an inconsistent defense which may be held to have been nullified by the involuntary admission of a fact which they seek to deny.

The order appealed from will therefore be so modified as to strike out of the second defense all of the denials except that the assignments were "duly" executed. In other respects the order is right. It will therefore be modified in accordance with this memorandum, and as modified affirmed, without costs to either party. Settle order on notice.